RUSSEL DAVID MYRICK 270803
The RDM Legal Group
7979 Ivanhoe Ave, Ste 200
La Jolla, CA 92037-4505
Tel. No. 888-482-8266
Fax No. 858-244-7930
Email: russel@rdmlg.com

SAMUEL P. KING, JR. 1396
735 Bishop Street, Suite 304
Honolulu, Hawaii 96813
Tel. No. 808-384-6325
Fax No. 808-533-4745
Email: sam@kingandking.com
Pro Hac Vice

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE SEPANIAK KING and CHRISTOPHER EDWARD SEPANIAK KING, | ) Civ. No. 3:21-cv-04573-EMC ) ) ) |
| Plaintiffs, | ) FIRST AMENDED COMPLAINT ) FOR DAMAGES AND |
| vs. | ) DECLARATORY AND INJUNCTIVE ) RELIEF; DEMAND FOR JURY |
| FACEBOOK, INC., a Delaware corporation, | ) TRIAL ) ) |
| Defendant. | ) ) |

<u>FIRST AMENDED COMPLAINT</u>
<u>FOR DAMAGES AND DECLARATORY</u>
<u>AND INJUNCTIVE RELIEF</u>

Plaintiffs ADRIENNE SEPANIAK KING ("KING") and CHRISTOPHER EDWARD SEPANIAK KING ("CKING"), through undersigned counsel, state for their First Amended Complaint for Damages and Declaratory and Injunctive Relief against Defendant FACEBOOK, INC. ("FACEBOOK") as follows:

<u>PRELIMINARY STATEMENT</u>

1.    KING had a Personal Account ("King Facebook Account") with FACEBOOK which she established approximately ten years ago to her recollection. Over the years, KING used the King Facebook Account extensively and eventually had about 1,000 "Friends" around the world.  On the King Facebook Account, KING shared personal information about family and non-political material, and KING shared political material and discussed political topics from a conservative point of view.  On or about November 17, 2020, KING discovered, when she attempted to log on to the King Facebook Account, that she was unable to do so.  In attempting to discover the problem, on or about November 19, 2020, KING received a message from FACEBOOK that her account had been "disabled."  No reason was given for FACEBOOK's disabling of KING's account.  On or about November 19, 2020, KING and CKING, KING's son who lives with her, attempted to reinstate KING's

2

account but received a message from FACEBOOK that her account was disabled because "it did not follow our Community Standards.  This decision can't be reversed."  No explanation was provided as to how KING had allegedly violated FACEBOOK's Community Standards.  Despite further attempts made by KING and CKING with FACEBOOK to discover why her account was permanently disabled, FACEBOOK made no further communication back to KING.

2.  FACEBOOK's permanent and unjustified disabling of the King Facebook Account violated FACEBOOK's contract (Terms of Service) between FACEBOOK and KING and subjected KING to embarrassment and derision with her approximately 1,000 Facebook Friends and caused her emotional distress.  As further alleged in this Complaint, FACEBOOK was without authority pursuant to the Communications Decency Act of 1996 ("CDA"), particularly 47 U.S.C. 230(c)(2)(A), to disable the King Facebook Account.

3.  KING seeks special, general, and punitive damages in excess of $75,000 against FACEBOOK for breach of contract, breach of implied covenant of good faith and fair dealing, conversion, intentional or reckless infliction of emotional distress and/or negligent or grossly negligent infliction of emotional distress, and for action against KING in disabling the King Facebook Account in violation of the CDA without good faith.  KING also seeks 1) declaratory relief against FACEBOOK regarding its abuse of the CDA and the application of FACEBOOK's Community

3

Standards to restrict constitutionally protected speech in violation of KING's protected right to Free Speech pursuant to the provisions of 47 U.S.C. 230(c)(2)(A), and 2) injunctive relief enjoining FACEBOOK from further action against KING in disabling the King Facebook Account.  KING also seeks reinstatement of the King Facebook Account and all posts, photographs, and other content and material associated with the King Facebook Account, and reinstatement of all posts and communications sent by her to other users of FACEBOOK (this would include reestablishing information about KING's email address and phone number for users of *facebook.com* searching for KING).

4.  CKING, as the son of KING who lives in the same household as KING, seeks special, general, and punitive damages against FACEBOOK for intentional or reckless infliction of emotional distress and/or negligent or grossly negligent infliction of emotional distress, loss of society, and action by FACEBOOK against KING in disabling the King Facebook Account in violation of the CDA without good faith which damages against FACEBOOK exceed $75,000.

JURISDICTION AND VENUE

5.  Plaintiffs bring this action pursuant to diversity of citizenship jurisdiction provided in 28 USC 1332(a)(1) because Plaintiffs, KING and CKING, on the one hand, and FACEBOOK, on the other hand, are citizens of different states as further alleged below and the amount in controversy exceeds $75,000 as to each Plaintiff.

4

*See also* 28 USC 1367(a).

6.  Plaintiffs also bring this action pursuant to the civil liability provisions of the CDA set forth in 47 U.S.C. 320(c)(2)(A).  A substantial federal question is involved regarding the applicability of the CDA to this Complaint, and federal question jurisdiction is invoked pursuant to 28 U.S.C. 1331.

7.  Declaratory relief is authorized pursuant to 28 U.S.C. 2201 and 2202.

8.  Injunctive relief is authorized by the Federal Rules of Civil Procedure, Rule 65.

9.  In its Terms of Service, FACEBOOK has a provision entitled "Disputes" (paragraph 4 of Section 4 entitled "Additional Provisions") which provides in part:

> For any claim, cause of action, or dispute you have against us that arises out of or relates to these Terms [of Service] or the Facebook products ("claim"), you agree that it will be resolved exclusively in the U.S. District Court of the Northern District of California or a state court located in San Mateo County.  You also agree to submit to the personal jurisdiction of either of these courts for the purpose of litigating any such claim, and that the laws of the State of California will govern these Terms [of Service] and any claim, without regard to conflict of law provisions.

Based on this forum-selection provision of FACEBOOK's Terms of Service, with respect to venue, Plaintiffs have filed this action in the District Court for the Northern District of California.

PARTIES

10.  KING and CKING are, and at all times relevant to this Complaint have

5

First Amended Complaint - 3:21-cv-04573-EMC

been, residents of the State of Hawaii.

11. FACEBOOK is, and at all times relevant to this Complaint has been, a for-profit corporation incorporated in the State of Delaware and has its principal offices and place of business in the State of California

STATEMENT OF FACTS

12. KING had a Personal Account ("King Facebook Account") with FACEBOOK which she established approximately ten years ago to her recollection. The establishment of the King Facebook Account by KING with FACEBOOK constituted a contract between KING and FACEBOOK pursuant to the provisions of FACEBOOK's Terms of Service.

13. Over the years, KING used the King Facebook Account extensively and eventually had about 1000 "Friends" around the world.

14. On the King Facebook Account, KING shared personal information about family and non-political material and reposted personal information from other sources and friends. KING also shared political material and discussed political topics from a conservative point of view, and KING often reposted material from other sources with no added comment (for example, various articles about COVID-19, global warming, etc.).

15. On or about November 17, 2020, KING discovered, when she attempted to log on to the King Facebook Account, that she was unable to do so.

First Amended Complaint - 3:21-cv-04573-EMC

16.   In attempting to discover why she was unable to log in to the King

Facebook Account, on or about November 19, 2020, KING received the following

message from FACEBOOK:

>   Your Account Has Been Disabled
>
>   For more information please visit the Help Center.
>
>   Your account was disabled on November 17, 2020.  If you think your
>   account was disabled by mistake you can submit more information via
>   the Help Center for up to 30 days after your account was disabled.  After
>   that, your account will be permanently disabled and you will no longer
>   be able to request a review.

No reason was given for FACEBOOK's disabling of KING's account.

17.   On or about November 19, 2020, KING, with the assistance of CKING

who is a computer engineer, then attempted to reinstate her account but received the

following message from FACEBOOK:

>   **My Personal Account Was Disabled**
>
>   If you think your account was disabled by mistake, please enter the
>   following information and we will consider your profile for review.
>   You can submit more information here for up to 30 days after your
>   account was disabled.  After that, your account will be permanently
>   disabled and you will no longer be able to request a review.
>
>   Only submit this form if your account has been disabled for violating
>   Facebook's Community Standards.  If you can't access your account for
>   a different reason, please return to the Help Center to find the
>   appropriate contact channel.
>
>   **We Cannot Review the Decision to Disable Your Account**
>   Your Facebook account was disabled because it did not follow our
>   Community Standards.  This decision can't be reversed.

7

No explanation was provided by FACEBOOK to KING as to what was done on the King Facebook Account which did not "follow" FACEBOOK's Community Standards, what Community Standard or Standards were not "followed," and how the Community Standards were not "followed."

18.   Despite further attempts made by KING and CKING with FACEBOOK over the next several days to discover why her account was permanently disabled, FACEBOOK made no further communication back to KING.

19.   Further attempts by CKING to contact persons working at FACEBOOK over the next few months to discover why KING's account was permanently disabled were unsuccessful.   The most recent communication received by CKING from an employee of FACEBOOK who was attempting to assist KING and CKING to discover why the King Facebook Account was disabled by FACEBOOK was received on or about March 9, 2021, and stated:

> I am told that the review (I placed) was rejected and that the user (your mother) should have been told what is the policy area they were violating.   Unfortunately I do not have much else to add.   As for the downloading of data, it seems there should be a way to ask for your data. There should be a flow somewhere, but the person dealing with the problem was not sure what that was.   Maybe a search can help?   Let me know otherwise.
> Sorry man, sorry it took so long and sorry we don't know much more, I suppose for FB to share with me would be absurd and not proper, so I suspect I cannot help you much more than this (which I am sure is not very satisfactory) [followed by a frowning emoji]

As alleged above, FACEBOOK never gave KING a reason for disabling the King

First Amended Complaint - 3:21-cv-04573-EMC

Facebook Page beyond a general reference to a claim by FACEBOOK that the King Facebook Account had not "followed" the FACEBOOK Community Standards, without any specifics, and KING and CKING were never able to locate any "flow" which could be used for KING to obtain her data.

20.  KING did nothing which would have caused the King Facebook Account not to "follow" any of FACEBOOK's Community Standards which would in turn have caused the King Facebook Account to be temporarily disabled or permanently disabled by FACEBOOK according to paragraph 4.2 of FACEBOOK's Terms of Service.  Paragraph 4.2 provides that FACEBOOK can temporarily disable or permanently disable a user account for, among other things, not following FACEBOOK's Community Standards.

21.  KING did nothing to cause the King Facebook Account not to "follow" any of FACEBOOK's Community Standards which are allowed by and consistent with 47 U.S.C. 230(c)(2)(A) which would have caused the King Facebook Account to be temporarily disabled or permanently disabled.  47 U.S.C. 230(c)(2)(A) states that an "interactive computer service" (as this term is defined in 47 U.S.C. 230(a)(1)) like FACEBOOK is only protected from a civil action against it if it rejects in "good faith" uploaded material provided by a user like KING which is "obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable."  KING never posted or uploaded any content or material to the King Facebook Page which

9

would in any manner be considered as "obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable."

22. FACEBOOK did not act in good faith by permanently disabling KING's Facebook Account claiming that FACEBOOK acted pursuant to the FACEBOOK's Community Standards.

23. FACEBOOK did not act in good faith by permanently disabling KING's Facebook Account and by applying restrictions on the King Facebook Account that were not consistent with or allowed by 47 U.S.C. 230(c)(2)(A).

24. FACEBOOK did not act in good faith by permanently disabling the King Facebook Account because FACEBOOK refused to state the reason why KING's Facebook Account had been permanently disabled, FACEBOOK refused to state what occurred on KING's Facebook Account which did not "follow" FACEBOOK's Community Guidelines, FACEBOOK refused to state what provision or provisions of FACEBOOK's Community Standards were not "followed" on the King Facebook Account, FACEBOOK refused to state how any specifically identifiable Community Standard had not been "followed" on the King Facebook Account,  FACEBOOK refused to communicate with KING when she requested a dialog with FACEBOOK about the reason for the permanent disabling of the King Facebook Account, and FACEBOOK destroyed all of the King Facebook Account and all material and content related to and/or stored with or under the King Facebook Account which was

10

in no way objectionable or failed to "follow" any of FACEBOOK's Community Standards or in violation of any material defined in 47 U.S.C. 230(c)(2)(A). FACEBOOK did not act in good faith, and in fact was intentionally malicious, in destroying all of the King Facebook Account and all material and content related to and/or stored on, with, or under the King Facebook Account which was in no way objectionable or in failed to "follow" any of FACEBOOK's Community Standards or in violation of any material defined in 47 U.S.C. 230(c)(2)(A) without providing her any chance of saving any of these materials and this content before the King Facebook Account was permanently disabled by FACEBOOK.

25.   The fact that KING's Facebook Account was permanently disabled by FACEBOOK, with no explanation as to the reason the account was permanently disabled, has caused KING great distress, embarrassment, damage to her reputation, and humiliation with her approximately 1,000 Facebook Friends.

26.   The fact that the King Facebook Account was permanently disabled by FACEBOOK has caused KING emotional distress, extreme emotional distress, serious emotional distress, and severe emotional distress. She has lost all her contacts with family and friends over the many years she has had through the King Facebook Account, all the photographs she has sent to others and others have sent to her about families, her grandchildren, trips, and lives of each other, and all other content that was saved on the King Facebook Account, all of which document irreplaceable

11

memories and emotional events.  Further, any and all content KING shared has been deleted from the Facebook pages of all of her friends.  Not only is the King Facebook Account gone, but any reference to KING anywhere in *facebook.com* is also gone. When KING attempted to log on to the King Facebook Account with her name and phone number, the response was that KING's name and phone number were "not valid."  KING was particularly upset to be declared by FACEBOOK to be "not valid." If a "friend" of KING's looks for KING's name on Facebook, the following message appears: "Didn't find what you're looking for?  We're temporarily hiding some results for this search query."  KING has suffered emotional distress from the damage to her reputation and name by being banned by FACEBOOK to the wonderment and suspicion of her Facebook friends.  Because of all these losses and because of the outrageous treatment of her by FACEBOOK, KING has suffered feelings of anger, fear, horror, shock, grief, shame, humiliation, embarrassment, chagrin, disappointment, worry, nervousness, anxiety, and nausea which are intense and enduring.

27.  CKING is, and was at all times relevant to this Complaint, KING's son who lives, and at all times relevant to this Complaint, has lived in the same household with KING.  As a result of the wrongful acts of FACEBOOK as alleged above, CKING witnessed and continues to witness KING suffer her emotional distress as alleged above, and CKING was caused to suffer, and will continue to suffer in the

First Amended Complaint - 3:21-cv-04573-EMC

future, severe emotional distress, loss of society, affection, assistance, and fellowship with KING, all to the detriment of his relationship with his mother.  CKING was especially distressed that, in spite of his expertise as a computer engineer and his having assisted KING on many occasions successfully in the past with internet and computer-related problems, that he was unable to assist KING in resolving the actions taken against her by FACEBOOK which distressed KING so much.

CAUSES OF ACTION

FIRST CAUSE OF ACTION (Plaintiff KING)
[Breach of Contract/Specific Performance]

28.  KING restates and realleges all allegations and statements in paragraphs 1-27 above.

29.  During the entire time that the contract between KING and FACEBOOK existed (FACEBOOK's Terms of Service), KING did not violate any of the terms of the contract as set out in FACEBOOK's Terms of Service and KING did not violate any of FACEBOOK's Community Standards.  At all times KING was a qualified user of the King Facebook Account pursuant to paragraph 3.1 of the Terms of Service.

30.  FACEBOOK breached paragraphs 3.1 and 4.2 of the FACEBOOK Terms of Service contract with KING by 1) disabling the King Facebook Account because KING did not breach any of the terms of her contract with FACEBOOK and did not violate any of the terms of the contract as set out in FACEBOOK's Terms of Service

13

and KING did not cause the King Facebook Account not to "follow" any of FACEBOOK's Community Standards which would have permitted FACEBOOK to disable the King Facebook Account according to paragraph 4.2 of the FACEBOOK Terms of Service, and 2) by destroying all of the content of the King Facebook Account.

31.  KING is entitled to an award of monetary damages in excess of $75,000 for the above-stated breach of contract by FACEBOOK, or, in the alternative, if monetary damages are not awarded or are inadequate to compensate KING for the breach of contract by FACEBOOK, for an award of specific performance requiring FACEBOOK to reinstate the King Facebook Account, all content and data associated with the King Facebook Account, and reinstatement of KING's name for any person searching for her name through *facebook.com*.

### SECOND CAUSE OF ACTION (Plaintiff KING)
[Violation of 47 U.S.C. 230(c)(2)(A)]

32.  KING restates and realleges all allegations and statements in paragraphs 1-31 above.

33.  FACEBOOK permanently disabled KING's Facebook Account for reasons not permitted by 47 U.S.C. 230(c)(2)(A).

34.  FACEBOOK permanently disabled KING's Facebook Account without good faith in violation of 47 U.S.C. 230(c)(2)(A).

14

First Amended Complaint - 3:21-cv-04573-EMC

35.   FACEBOOK permanently disabled KING's Facebook Account and violated her right to constitutionally protected material without good faith in violation of 47 U.S.C. 230(c)(2)(A).

36.   There is an implied cause of action for damages for violations by the provider of an "interactive computer service" (as this term is defined in 47 U.S.C. 230(f)(2)) of 47 U.S.C. 230(c)(2)(A).

37. FACEBOOK is a provider of an "interactive computer service" as this term is defined in 47 U.S.C. 230(f)(2).

38. FACEBOOK is liable for payment of compensatory and punitive damages in excess of $75,000 to KING for its violations of 47 U.S.C. 230(c)(2)(A) as alleged herein.

## THIRD CAUSE OF ACTION (Plaintiff KING)
[Intentional or Reckless Infliction of Emotional Distress]

39.   KING restates and realleges all allegations and statements in paragraphs 1-38 above.

40.   FACEBOOK's conduct in permanently disabling KING's Facebook Account, in refusing to state how the King Facebook Account allegedly failed to "follow" FACEBOOK's "Community Standards," in refusing to discuss the matter with KING, and in destroying all of the material, data, and content contained on, with, or under the King Facebook Account  was outrageous.

15

First Amended Complaint - 3:21-cv-04573-EMC

41.  By permanently disabling the King Facebook Account, FACEBOOK caused KING to experience serious, severe, and extreme emotional distress.

42.  FACEBOOK acted viciously and/or intentionally in causing serious, severe, and extreme emotional distress to KING or in reckless disregard of the probability of causing serious, severe, and extreme emotional distress to KING.

43.  FACEBOOK is liable for payment of compensatory and punitive damages in excess of $75,000 to KING for FACEBOOK's intentional and/or reckless infliction of emotional distress against KING.

FOURTH CAUSE OF ACTION (Plaintiff KING)
[Negligent or Grossly Negligent Infliction of Emotional Distress]

44.  KING restates and realleges all allegations and statements in paragraphs 1-43 above.

45.  FACEBOOK's conduct in permanently disabling the King Facebook Account, in refusing to state how the King Facebook Account allegedly failed to "follow" FACEBOOK's "Community Standards," in refusing to discuss the matter with KING, and in destroying all of the material, data, and content contained on, with, or under the King Facebook Account  was negligent or grossly negligent.

46.  By permanently disabling KING's Facebook Account, FACEBOOK caused KING to experience serious, severe, and extreme emotional distress.

47.  FACEBOOK is liable for payment of compensatory damages in excess of

16

$75,000 to KING for FACEBOOK's negligent or grossly negligent infliction of emotional distress against KING and for punitive damages for grossly negligent infliction of emotional distress against KING.

### FIFTH CAUSE OF ACTION (Plaintiff CKING)
[Intentional, Reckless, Grossly Negligent, and/or Negligent Infliction of Emotional Distress and Loss of Consortium]

48.  CKING restates and realleges all allegations and statements in paragraphs 1-47 above.

49.  Based on the emotional distress caused by FACEBOOK to KING, CKING has suffered severe emotional distress, loss of society, affection, assistance, and conjugal fellowship with KING, all to the detriment of his relationship with his mother.

50.  FACEBOOK is liable for payment of compensatory and punitive damages in excess of $75,000 to CKING for the emotional and other injuries alleged in paragraphs 26, 27, 45, 46, and 49 above to CKING by FACEBOOK's intentional, reckless, grossly negligent, and/or negligent infliction of emotional distress against KING and CKING as alleged above.

### SIXTH CAUSE OF ACTION (Plaintiff KING)
[Declaratory and Injunctive Relief]

51.  KING restates and realleges all allegations and statements in paragraphs 1-50 above.

17

First Amended Complaint - 3:21-cv-04573-EMC

52.   This Court should declare that FACEBOOK enforced provisions of Facebook's Community Standards against KING which exceeded restrictions allowed to be imposed by FACEBOOK pursuant to 47 U.S.C. 230(c)(2)(A) and that FACEBOOK thereby breached its contract with KING.

53.   This Court should order that FACEBOOK reinstate the King Facebook Account in toto, including all material, data, and content that was stored in the King Facebook Account, and reinstate all contacts between KING and the Facebook pages of all of her friends.

54.   This Court should permanently enjoin FACEBOOK from disabling the King Facebook Account, either temporarily or permanently, without first providing KING with reasons therefor, and should permanently enjoin FACEBOOK from disabling the King Facebook Account, either temporarily or permanently, except for reasons permitted by 47 U.S.C. 230(c)(2)(A).

<u>SEVENTH CAUSE OF ACTION (Plaintiff KING)</u>
[Breach of Implied Covenant of Good Faith and Fair Dealing]

55.   KING restates and realleges all allegations and statements in paragraphs 1-54 above.

56.   There was an implied covenant of good faith and fair dealing in the contract between FACEBOOK and KING (the FACEBOOK Terms of Service).

57.   FACEBOOK breached its implied covenant of good faith and fair dealing

18

with KING by refusing to give KING any reasonable or detailed explanation as to how the King Facebook Account failed to "follow" FACEBOOK's Community Standards, and by ignoring KING's repeated and reasonable requests for information concerning how the King Facebook Account failed to "follow" FACEBOOK's Community Standards, and by ignoring CKING's repeated and reasonable requests to FACEBOOK on behalf of KING for information concerning how the King Facebook Account failed to "follow" FACEBOOK's Community Standards.

58.  FACEBOOK breached its covenant of good faith and fair dealing by destroying all of the material, data, and content of the King Facebook Account which included material, data, and content which FACEBOOK never claimed failed to "follow" its Community Standards.

59.  FACEBOOK acted with wanton and willful conduct in its breach of its covenant of good faith and fair dealing with KING.

60.   KING is entitled to recover damages against FACEBOOK for FACEBOOK's breach of its covenant of good faith and fair dealing as alleged herein to compensate KING for FACEBOOK's breach of its contract with KING and to compensate KING for destruction of the material, data, and content of the King Facebook Account and for humiliating KING and causing damage to her reputation with her Facebook friends and in the Facebook Community.

61.  KING is entitled to recover punitive damages against FACEBOOK for its

First Amended Complaint - 3:21-cv-04573-EMC

wanton and willful breach of FACEBOOK's implied covenant of good faith and fair dealing with KING.

<u>EIGHTH CAUSE OF ACTION (Plaintiff KING)</u>
[Conversion]

62.   KING restates and realleges all allegations and statements in paragraphs 1-61 above.

63.   KING owned the material, data, and content of the King Facebook Account.   The content of the King Facebook Account included items of great and special value to KING such as personal records, family photographs and other personal photographs accumulated over years of being a Facebook user, treasured contacts with family and friends, contact information with hundreds of family, friends, and business associates, and personal and business information.

64.  FACEBOOK destroyed the entire content of the King Facebook Account without any justification.

65.  The destruction of the King Facebook Account content was done in an intentional, wanton, and willful manner.

65.   KING is entitled to an award of damages against FACEBOOK to compensate her for the unjustified destruction of her Facebook Account content by FACEBOOK.

66.  KING is entitled to an award of punitive damages against FACEBOOK for

its intentional, wanton, and willful destruction of her Facebook Account content.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for compensatory and punitive damages in excess of $75,000 for each of them against FACEBOOK as set forth in this First Amended Complaint.  Further, KING prays for specific performance and for declaratory judgment as set forth in this First Amended Complaint and for injunctive relief as set forth in this First Amended Complaint.

DATED: San Francisco, California, September 10, 2021.

_/s/ Samuel P. King, Jr._____
SAMUEL P. KING, JR.
Attorney Pro Hac Vice for Plaintiffs

First Amended Complaint - 3:21-cv-04573-EMC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE SEPANIAK KING and CHRISTOPHER EDWARD SEPANIAK KING, | ) Civ. No. 3:21-cv-04573-EMC ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) DEMAND FOR JURY TRIAL |
| vs. | ) |
| | ) |
| FACEBOOK, INC., a Delaware corporation, | ) ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand jury trial in this case on all issues triable by a jury.

DATED: San Francisco, California, September 10, 2021.


_____/s/ Samuel P. King, Jr._____
SAMUEL P. KING, JR.
Attorney Pro Hac Vice for Plaintiffs

First Amended Complaint - 3:21-cv-04573-EMC