KEKER, VAN NEST & PETERS LLP
MATAN SHACHAM - # 262348
mshacham@keker.com
JASON GEORGE - # 307707
jgeorge@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADRIENNE SEPANIAK KING and CHRISTOPHER EDWARD SEPANIAK KING,<br><br>    Plaintiffs,<br><br> v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No. 3:21-cv-04573-EMC<br><br>**DEFENDANT FACEBOOK, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:   November 4, 2021<br>Time:   1:30 p.m.<br>Courtroom: 5<br><br>Judge:   Hon. Edward M. Chen<br><br>Date Filed: June 14, 2021<br><br>Trial Date:  None Set |

DEFENDANT FACEBOOK, INC.'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:21-cv-04573-EMC

1748213

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Facebook, Inc. ("Facebook") requests that this Court take judicial notice, pursuant to Federal Rule of Evidence 201, of Facebook, Inc.'s Terms of Service. Facebook makes this request in support of its Motion to Dismiss Plaintiffs' First Amended Complaint. A true and correct copy of the document for which judicial notice is requested is attached to the Declaration of Jenny Pricer, filed concurrently herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant Facebook, Inc. ("Facebook") respectfully requests that this Court take judicial notice of Facebook's Terms of Service as of October 22, 2020. A true and correct copy of this document is attached to the Declaration of Jenny Pricer.

### II.   ARGUMENT

In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court may consider any material subject to judicial notice. *Swartz v. KMPG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Such material includes documents incorporated into the complaint by reference. *Id.*; *In re Google Inc.*, 2013 WL 5423918, at *5 (N.D. Cal. Sept. 26, 2013). Under the doctrine of incorporation by reference, the Court may consider on a 12(b)(6) motion not only documents attached to the complaint, but also documents whose contents are alleged in the complaint, provided the complaint "necessarily relies" on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *In re Google Inc.*, 2013 WL 5423918, at *5.

Courts routinely take judicial notice of publicly available terms of service in cases like this where the Plaintiff relies upon and references the terms in the complaint. *See, e.g.*, *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813–14 (N.D. Cal. 2020) (taking judicial notice of Google's Terms of Service, Privacy Policy, and a Google blog post); *Matera v. Google, Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (taking judicial notice of Google's Terms of Service, "various versions of Google's Privacy Policy[,]" and a Google webpage

1

DEFENDANT FACEBOOK, INC.'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:21-cv-04573-EMC

1748213

entitled "Updates: Privacy Policy"); *In re Google Inc.*, 2013 WL 5423918, at *5; *Coto*, 593 F.3d at 1038.

Here, Plaintiffs allege a breach of contract claim premised entirely on specific provisions of Facebook's Terms of Service. *See* First Amended Complaint ¶ 30 (alleging that "Facebook breached paragraphs 3.1 and 4.2 of the Facebook Terms of Service"); *see also id.* ¶ 29 ("During the entire time that the contract between [Ms. King] and Facebook existed, [Ms. King] did not violate any of the terms of the contract as set out in Facebook's Terms of Service and [Ms. King] did not violate any of Facebook's Community Standards. At all times Ms. King was a qualified user of the King Facebook Account pursuant to paragraph 3.1 of the Terms of Service."). Plaintiffs' First Amended Complaint thus "necessarily relies" on Facebook's Terms of Service. *Eisenberg*, 593 F.3d at 1038. In addition, neither the relevance nor the authenticity of Facebook's Terms of Service are contested. *Id.* In a recent filing, Plaintiffs explicitly agreed that the Court should take judicial notice of Facebook's Terms of Service:

> FACEBOOK has requested "judicial notice" that the Terms of Service filed in this case on August 30, 2021, constitute the contract between FACEBOOK and KING. KING agrees that these Terms of Service do constitute the contract between her and FACEBOOK and agrees that this Court can take "judicial notice" of this fact. In the FAC, KING identifies two relevant provisions of the Terms of Service – paragraphs 3.1 and 4.2. Paragraph 3.1 sets out the qualifications for a person to have a Facebook Account. KING alleges that all times she met all qualifications of paragraph 3.1 and was not in breach of the contract with FACEBOOK.

ECF No. 27 at 3. The Court should thus take judicial notice of the Terms of Service attached to the Declaration of Jenny Pricer.

Dated:  September 24, 2021                          KEKER, VAN NEST & PETERS LLP

                                                    By:   */s/Jason George*
                                                          MATAN SHACHAM
                                                          JASON GEORGE

                                                          Attorneys for Defendant
                                                          FACEBOOK, INC.