IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE SEPANIAK KING and CHRISTOPHER EDWARD SEPANIAK KING,<br><br>             Plaintiffs,<br><br>    v.<br><br>FACEBOOK, INC.,<br><br>             Defendant. | Case No. 3:21-cv-04573-EMC<br><br>**JOINT LETTER BRIEF REGARDING PLAINTIFFS' NOTICE OF RULE 30(B)(6) DEPOSITION** |

The Honorable Edward Chen
San Francisco Courthouse
Courtroom 5 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *King, et al. v. Facebook, Inc.*, Case No. 3:21-cv-04573-EMC

Dear Judge Chen

      Pursuant to the Court's Standing Order Regarding Civil Discovery, Plaintiffs Adrienne King and Christopher King ("Plaintiffs") and Defendant Facebook, Inc. ("Facebook") submit this joint letter brief regarding Plaintiffs' notice of a Rule 30(b)(6) deposition for October 29, 2021.

      The undersigned counsel attest that they, on October 18, 2021, both with full and complete authority on discovery matters, met and conferred telephonically in a good faith effort to resolve this dispute. Counsel met and conferred telephonically rather than in person because counsel are located in different states and due to the COVID-19 pandemic. Facebook proposed a delay of the Rule 30(b)(6) deposition until after the Court has ruled on Facebook's Motion to Stay Discovery Pending Motion to Dismiss. ECF No. 46. The hearing on the motion to stay discovery is set for December 9, 2021. Plaintiffs refused, offering instead to delay the deposition only if Facebook responded to all of Plaintiffs' written discovery by November 1, 2021, prior to the initial CMC. The parties have been unable to reach an agreement and therefore submit this joint letter. Lead trial counsel for each party has concluded that no agreement can be reached.

Very truly yours,

| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP | KING AND KING LLP |
| */s/ Jason S. George*<br>*Counsel for Facebook, Inc.* | */s/ Samuel P. King*<br>*Counsel for Adrienne King and Christopher King* |

1753112

## I.     FACEBOOK'S POSITION

Facebook respectfully requests that the Court enter a protective order briefly delaying Plaintiffs' Rule 30(b)(6) deposition of Facebook—noticed for October 29, 2021—until the Court rules on Facebook's Motion to Stay Discovery. ECF No. 46 ("MTS").

### A.     Background

On September 10, 2021, Plaintiffs filed a First Amended Complaint ("FAC"). On September 24, 2021, Facebook filed a motion to dismiss, ECF No. 28, which is now fully briefed, *see* ECF Nos. 35 (opposition), 41 (reply). Facebook noticed the motion for the earliest possible hearing date, November 4, 2021. The Court has set the initial Case Management Conference ("CMC") for the same day.

On September 25, 2021, Plaintiffs served seven interrogatories and four requests for production on Facebook that seek in-depth information concerning Facebook's decision to disable Ms. King's account, including names and contact information for Facebook employees. On September 27, 2021, Plaintiffs acknowledged that the deadline to hold a Rule 26(f) conference was October 14, 2021, but demanded an earlier conference. Facebook asked for Plaintiffs' availability the week of October 11. Plaintiffs then, on October 1, unilaterally filed a Rule 26(f) statement—and claimed that responses to its interrogatories and requests for production were due 30 days later, on November 1, 2021. After Facebook informed Plaintiffs that the Rule 26(f) conference, not a unilateral statement, started the relevant deadlines, Plaintiffs agreed to hold a Rule 26(f) conference on October 12, 2021.

At the October 12 conference, Facebook requested Plaintiffs to agree to a stay of discovery pending a decision on Facebook's motion to dismiss. Plaintiffs refused, and the next day, Plaintiffs served a notice of Rule 30(b)(6) deposition for October 29, 2021—six days before the hearing on Facebook's motion to dismiss. The Rule 30(b)(6) deposition topics are essentially word-for-word copies of Plaintiffs' interrogatories. *Compare* ECF No. 48-5, *with* ECF No. 48-7. On October 20, 2021, Facebook filed its Motion to Stay Discovery Pending Motion to Dismiss, and noticed it for hearing on the first available date, December 9, 2021. *See* MTS. Counsel met and conferred regarding the deposition on October 18, 2021. Facebook requested that Plaintiffs agree to delay the 30(b)(6) deposition at least until the Court could consider the Motion to Stay Discovery. Plaintiffs refused, offering instead to delay the deposition if Facebook responded to all of Plaintiffs' written discovery by November 1, 2021—before the initial CMC, before the motion to stay could be heard, and two weeks before responses were due.

### B.     Argument

There is "good cause" for a protective order briefly delaying Plaintiffs' notice of Rule 30(b)(6) deposition. Fed. R. Civ. P. 26(c)(1). Plaintiffs have taken the highly irregular step of noticing a Rule 30(b)(6) deposition just two weeks after the parties' Rule 26(f) conference, 6 days before the initial CMC in this case, and before the Court has an opportunity to decide on a pending motion to stay discovery. The reason for Plaintiffs' mad dash for discovery is apparent: they know that Facebook is entitled to immunity from their claims under federal law and want to obtain discovery before the Court considers Facebook's motion to dismiss at the November 4 hearing. Facebook's position, as detailed in its motion to dismiss, is that Plaintiffs have failed to state a claim and that the claims are barred by the "immunity from suit" provided by Section 230 of the Communications Decency Act ("CDA"). *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1125 (9th Cir. 2003). Plaintiffs' pleading deficiencies and Section 230 immunity are both appropriately resolved on a motion to dismiss without discovery and, indeed, courts regularly

stay discovery in circumstances such as these. *See* MTS at 9, 10-12 (collecting cases); *Onuoha v. Facebook, Inc.*, 2017 U.S. Dist. LEXIS 53963 (N.D. Cal. Apr. 7, 2017) (staying discovery because Section 230 issue can be decided without discovery). Both Facebook's immunity from suit and Facebook's motion to stay discovery will be rendered nullities if Plaintiffs can proceed with a Rule 30(b)(6) deposition on October 29.

Plaintiffs' noticed deposition topics are also a clear end-run around the 30-day period provided to respond to written discovery. Plaintiffs' six deposition topics are almost word-for-word copies of Plaintiffs' Interrogatories Nos. 2-7—all of which request in-depth information about the disposition of Ms. King's account. *Compare* ECF No. 48-5, *with* ECF No. 48-7. Responses to written discovery are not due until the week after the initial CMC. Plaintiffs should not be allowed to use Rule 30(b)(6) to obtain unnecessarily duplicative discovery and deprive Facebook of the period provided to respond to written discovery requests.

Finally, Plaintiffs admit that they noticed the deposition date "without consultation" with Facebook in violation of N.D. Cal. L.R. 30-1's requirement to "confer about the scheduling of the deposition with opposing counsel." ECF No. 48-6. And the 16-day notice provided was insufficient. Though the Court's standing order generally allows depositions to be noticed "at least ten (10) days in advance," this case is at its earliest stages and the initial CMC has yet to be held. As a result, a Rule 30(b)(6) deposition on substantive issues will require significant investigation and witness preparation. The October 13 notice of an October 29 Rule 30(b)(6) deposition is insufficient notice. *Cf. Kilby v. CVS Pharmacy, Inc.*, 2017 WL 1682695, at *1 (S.D. Cal. Apr. 26, 2017) (ten-days notice insufficient).

Plaintiffs' response below does not address the limited question of deposition timing at issue here, but rather argues the merits of Facebook's pending motion to dismiss. The Court should stay the deposition until the Court rules on Facebook's Motion to Stay Discovery.

**II.    PLAINTIFFS' POSITION**

At this point in the litigation in this case, the dispute between the parties boils down to the application of Section 4.2 of Facebook's Terms of Service (TOS).  Facebook requested that this Court take "judicial notice" of the TOS as the contract between Facebook and Adrienne King ("King"), and King accepts this request.  Facebook claims (without filing an Answer to the First Amended Complaint (FAC)) that it had "sole discretion" pursuant to Sec. 4.2 to permanently disable and forever make King's Facebook Account content unavailable to her (which King justifiably refers to as "destroying" the content – from her point of view, the content is gone).  As Facebook has not filed an Answer, it cannot claim that it acted honestly or in good faith in the application of its claimed "sole discretion" in disabling King's Facebook Account.  King has stated in her FAC that Facebook acted in bad faith, citing particularly Facebook's refusal to provide any information to her about why Facebook disabled her Account, except for Facebook's bare statement that the King Account "failed to follow Facebook's Community Standards."  Facebook has refused 1) to provide any information to King as to what content appeared in her Account which "failed to follow Facebook's Community Standards," 2) which Community Standard or Standards were not followed, and 3) how the Standard or Standards were not followed.  If Facebook is required to act at a minimum with "good faith" or "honestly" as a matter of law in its application of Sec. 4.2 to King, then King is obviously entitled to answers to these three basic questions before Facebook can seek to have her FAC dismissed.

As a matter of contract law, Facebook claims that it has unchallengeable discretion to disable any user's account pursuant to Sec. 4.2.  Facebook claims that because Sec. 4.2 states,

"If we determine, . . .," then this means Facebook can do whatever it wants without the application of any standard like "good faith" or "honesty" or "reasonableness" to its claimed "sole discretion" (even though the words "sole discretion" are not used in Sec. 4.2) to act pursuant to Sec. 4.2.  This is simply not the law.  Even Facebook admits at pp. 2-3 of its Reply Memorandum in support of its 12(b)(6) motion that a "satisfaction clause" like Sec. 4.2 must at a minimum be exercised in "good faith."  Facebook cites Williston on Contracts (4th Ed.), Sec. 38:21.  This section states that these kinds of "satisfaction" clauses are common in contracts and are saved as free from "whim, caprice, or fancy" which would void the supposed "contract" as "illusory" only because the courts have held that at a minimum, the discretion granted by the clause must be applied "in the exercise of honest judgment."  Williston states, "Because of the duty to act in good faith, a party's promise is not illusory; rather, the restraint that the obligation to act in good faith places on the promisor's discretion furnishes good consideration of the parties' agreement."  In Sec. 38:22, Williston states that an even higher standard than "honesty" or "good faith" is usually employed "absent an absolute, unequivocal requirement of subjective satisfaction, with no other alternative possible."  In this case, Sec. 4.2 of the TOS sets an objective standard for Facebook to follow (Facebook makes the determination to disable if the user has "clearly, seriously or repeatedly breached our Terms or Policies, including in particular our Community Standards"), so there is no justification in applying the lowest standard to this provision of the contract which Facebook admits exists between King and Facebook.  Williston states that a "reasonable person" standard  would apply as a "possible alternative."  *See* also Sec. 228 of the Restatement 2d of Contracts, comment a.  Even if the standard to be applied in this case is the lowest possible – "honesty" or "good faith" – King is entitled to know whether Facebook acted with "honesty" or in "good faith" in its application of Sec. 4.2 to her Account.  For example, *see Locke v. Warner Bros., Inc.*, 66 Cal.Rptr.2d 921, 925-926 (2nd Div. 1997).  In the case at bar, Facebook's mere citation to an alleged failure by King to follow its Community Standards is subject to discovery on the issue of whether Facebook actually acted in "good faith."  On Facebook's 12(b)(6) motion, King's allegation of "bad faith" must be accepted as true – as stated above, Facebook has never claimed it acted in "good faith" or "honestly" in applying Sec. 4.2 of the TOS to King.  It should also be noted that there is no case cited by Facebook which has directly addressed Sec. 4.2 of the TOS.  None of the contract provisions in any of the cases cited by Facebook refer to Sec. 4.2 or are anywhere close to comparable to Sec. 4.2, especially in the context of a suit against Facebook alleging breach of Sec. 4.2 by a Facebook user.

      Regarding Facebook's claim of "immunity" under 47 USC 230(c)(1), Facebook's attempts to argue around the clear holding in *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1107 (9th Cir. 2009), that enforcement of a promise is not barred by Sec. 230(c)(1) "immunity" is (to use a favorite Facebook word) "unavailing."  Sec. 4.2 is a promise made by Facebook to its users.  Sec. 4.2 also constitutes a "waiver" of any immunity it might have under Sec. 230(c)(1).  This is the holding of *Barnes*.  King is not treating Facebook as a "publisher," King is claiming her rights under her contract with Facebook according to Facebook's promise to her to apply Sec. 4.2 at least in good faith and honestly.  *See Teatotaller, LLC  v. Facebook, Inc.*, 242 A.3d 814 (N.H. 2020).

      Defendant claims that King does not address the "timing issue" for the 30(b)(6) deposition, but this is not true.  King has noted a 30(b)(6) deposition as permitted by federal discovery rules, and this Court should allow King to obtain discovery on the issue of "good faith" and not help Facebook out by blocking a legitimate discovery request.  At the very least, this Court should allow King to ask the three basic questions set out on page 3 above.

1753112

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Samuel P. King.

Dated: October 25, 2021            By: */s/ Jason George*
                                           Jason George

1753112