JACOB M. HEATH
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

Attorneys for FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIENNE SEPANIAK KING,

Plaintiff,

v.

FACEBOOK, INC.,

Defendant.

Case No. 3:21-cv-04573-EMC

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Date: Thursday, March 24, 2022
Time: 1:30 p.m.
Judge: Hon. Edward M. Chen

Date Complaint Filed: June 14, 2021

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS SAC
CASE NO. 3:21-CV-04573

**TABLE OF CONTENTS**

Page No.

I. INTRODUCTION ....... 1

II. ARGUMENT ....... 1

A. This Court Already Dismissed With Prejudice Plaintiff's Breach of Contract Claim And Her "Account Termination" and "Account Data" Theories ....... 1

B. Specific Performance Is Not an Independent Cause Of Action ....... 3

C. Plaintiff Fails To Allege Any Cognizable Remedy ....... 3

1. Plaintiff failed to allege cognizable damages ....... 4

2. Specific Performance is unavailable ....... 6

D. Alternately, This Court Lacks Jurisdiction ....... 9

III. CONCLUSION ....... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503 (1994) .... 6

*Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024 (N.D. Cal. 2019) .... 4

*Daniels v. Alphabet Inc.*, No. 20-CV-04687-VKD, 2021 WL 1222166 (N.D. Cal. Mar. 31, 2021) .... 3, 8

*Darnaa, LLC v. Google LLC*, 756 F. App'x 674 (9th Cir. 2018) .... 4

*Foley v. Interactive Data Corp.*, 47 Cal. 3d 654 (1988) .... 6

*Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030 (C.D. Cal. 2015) .... 3

*Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317 (2000) .... 3

*Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc) .... 9

*Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960 (2004) .... 5

*Lewis v. YouTube, LLC*, 244 Cal. App. 4th 118 (2015) .... 4

*Vu v. Cal. Com. Club, Inc.*, 58 Cal. App. 4th 229 (1997) .... 5

**Statutes**

28 U.S.C. § 1332(a)(1) .... 9

28 USC 1376 .... 9

Cal. Civ. Code, § 3355 .... 5, 6

Cal. Civ. Code, § 3390 .... 8, 9

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

i

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS SAC
CASE NO. 3:21-CV-04573

**Other Authorities**

Wright & Miller, 6C Fed. Prac. and Proc. § 1476 & n.1 (3d ed.) .... 9

Wright & Miller, 13D Fed. Prac. & Proc. Juris. § 3567 (3d ed.) .... 9

Order 11-12, 14-15, 17, 24 .... 1

Restatement Second of Torts .... 6

Restatement (Second) of Torts § 911 (1979) .... 6

Rule 12(b)(1) .... 4

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- ii -

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS SAC
CASE NO. 3:21-CV-04573

## I. INTRODUCTION

Ms. King's ("Plaintiff") Opposition ("Opp.") offers no basis for denying Facebook's motion to dismiss ("MTD") her Second Amended Complaint ("SAC"). Her breach of contract argument mischaracterize this Court's prior order, which already dismissed with prejudice that cause of action and two of the underlying theories of liability. Her argument as to the specific performance cause of action relies on the same mischaracterizations and does not address the fact that there is no such cause of action under California law. As for the "singular cause of action" for which Plaintiff was granted leave to amend—"breach of the implied covenant based on Facebook's failure to provide an explanation for the disabling of her account," Order at 24—the opposition fails to explain how this novel theory meets established limitations on contract damages, like proximate causation and foreseeability. Nor does it offer any justification for how the contractual terms underlying the claim would support any specific performance order with the requisite level of certainty. Indeed, the opposition fails to distinguish *any* of the cases cited in Facebook's motion, and essentially cites no legal precedent at all. Instead, it characterizes both Facebook and this Court as conceding and holding things they never said and offers a stream of incendiary—but irrelevant—rhetoric about how Facebook is allegedly mistreating Plaintiff Opp. at 7, 10, and 15. But the substance of Plaintiff's opposition, only confirms that she has failed to state a claim. The SAC should be dismissed with prejudice.

## II. ARGUMENT

### A. This Court Already Dismissed With Prejudice Plaintiff's Breach of Contract Claim And Her "Account Termination" and "Account Data" Theories

Contrary to the opposition's seven-page summary of the prior Order, this Court already dismissed Plaintiff's breach of contract claim with prejudice, along with two of the three theories of liability on which the claim is based (namely, breach based on Facebook's disabling of her account and breach based on Facebook's destruction of account data). *See* Order 11-12, 14-15, 17, 24; *see also* MTD at 6-7. Those claims and theories cannot be reasserted here.

Despite the Court's unequivocal order permitting Plaintiff to amend only her claim for breach of the implied covenant, the opposition insists that she was allowed to raise a breach of

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

DEFENDANT FACEBOOK, INC.'S REPLY IN
SUPPORT OF MOTION TO DISMISS SAC
CASE NO. 3:21-CV-04573

contract claim as well because, according to the opposition, it is related to the implied covenant claim and the Court's order analyzed them as a unit. Opp. at 9-10. This characterization cannot change the Court's holding that "*[a]ll* claims are dismissed with prejudice, except for one—specifically, Plaintiff's claim for breach of the implied covenant based on Facebook's failure to provide an explanation for the disabling of her account." Order at 24 (emphasis added).

The Opposition next argues that the Court's prior ruling does not preclude Plaintiff from re-alleging, in both her breach of contract claim and her implied covenant claim, the two theories of liability this Court rejected—the theory here being that the breach alleged in the SAC rests on "the *combination*" of the rejected theories of liability *plus* Facebook's failure to provide an explanation. Opp. at 9-10, 11. That is a distinction without a difference. The allegations in the FAC similarly combined all three theories of liability, yet this Court addressed each theory separately and ultimately held that only the "claim for breach of the implied covenant based on Facebook's failure to provide an explanation" could go forward. Order at 24. And "combining" the theories does not change this Court's holdings that (1) Facebook has no duty to maintain user content, Order at 11-12; (2) Section 230 bars claims based on account disabling, Order at 17-23; and (3) "the express terms of the Terms of Service do not require Facebook to provide information to a user beyond the fact that the account has been … terminated," Order at 14. In other words, the Court already held that all three theories fail with respect to the breach of contract claim, and that the first two fail with respect to the implied covenant claim. To the extent Plaintiff does not believe the "failure to provide an explanation" theory can be isolated from the other, already-rejected theories, that simply confirms that the entire claim must be dismissed for the reasons addressed in this Court's prior order. *See* Order at 17-23.

Even if this Court's prior order had not dismissed the breach of contract claim with prejudice, the claim is subject to dismissal now because, as the opposition acknowledges, the contract claim is "based on the same failure of Facebook" as the implied covenant claim. Opp. at 10. The California Supreme Court has made clear that, when causes of action for breach of contract and breach of the implied covenant target the same underlying breach, only one claim

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS SAC
CASE NO. 3:21-CV-04573

can proceed. *See Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 327 (2000); *see also Daniels v. Alphabet Inc.*, No. 20-CV-04687-VKD, 2021 WL 1222166, at *9 (N.D. Cal. Mar. 31, 2021) (dismissing a "breach of implied covenant claim because it is based on precisely the same allegations as [the] purported breach of contract claim"). Here, the Court permitted Plaintiff to amend her complaint with respect to the implied covenant claim only. Order at 24.

**B. <u>Specific Performance Is Not an Independent Cause Of Action</u>**

As Facebook's motion explained (at 7-8), California law treats specific performance as "a remedy for breach of contract, not an independent claim." *Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1055 (C.D. Cal. 2015) (dismissing specific performance claim with prejudice and collecting cases). The opposition offers no authority for a contrary rule and cites no case where a court applying California law allowed a standalone specific performance claim. The opposition argues that Plaintiff's standalone specific performance claim is appropriate because it "tracks the amendment allowed by the Order," Opp. at 10, but the Order provided that, "in spite of her arguable waiver," Plaintiff could "amend [her] singular cause of action [breach of the implied covenant] with respect to damages and for specific performance … to the extent that she can do so in good faith." Order at 24. It did not authorize a standalone specific performance claim, nor could it have under California law. The purported specific performance claim should be dismissed with prejudice, just as this Court previously dismissed Plaintiff's declaratory and injunctive relief claim, Order at 7. At most, the specific performance claim should be construed as a remedy for Plaintiff's implied covenant claim.

**C. <u>Plaintiff Fails To Allege Any Cognizable Remedy</u>**

The opposition appears to work from the erroneous premise that, because this Court held she had a "viable theory for breach of the implied covenant," Order at 14, Plaintiff must be entitled to some remedy for that supposed breach. *E.g.* Opp. at 12 ("If there is to be any penalty …, the damage can only be measured by the content of the account."). This gets it backwards. Damages are an essential element of the claim—so if the facts as alleged, taken as true, do not plead a cognizable theory of damages or entitlement to specific performance, then the SAC must

be dismissed. *See* Order at 24 (dismissing claim for failure to state cognizable damages).[1]

**1. Plaintiff failed to allege cognizable damages**

**Limitation of Liability:** Facebook explained (MTD at 9) that Plaintiff's damages theory fails because the Terms of Service limit Facebook's liability for "lost … information [or] data." Ex. A at 6. The opposition does not dispute that the provision is valid and enforceable, but argues that it does not bar this case because Plaintiff is alleging that Facebook acted "intentional[ly]." Opp. at 13. The provision is not so narrow. It explicitly provides that liability is limited in *all* "circumstance[s]" and "to the fullest extent permitted by applicable law." Ex. A at 6. And courts have consistently applied it and other similar provisions to dismiss claims alleging intentional conduct. *Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1037 (N.D. Cal. 2019) (alleging intentional rejection of request to remove objectionable photos); *Lewis v. YouTube, LLC*, 244 Cal. App. 4th 118, 124, 122, 125 (2015) (alleging intentional deletion of user's content for "unfounded" reasons); *Darnaa, LLC v. Google LLC*, 756 F. App'x 674, 675 (9th Cir. 2018) (alleging failure to act in "good faith" in intentionally removing user content). The opposition does not address these cases (which were cited in Facebook's motion) or offer any contrary authority.

**Proximate Cause:** The opposition also does not meaningfully respond to Facebook's argument that any damages Plaintiff suffered were not proximately caused by Facebook's breach. MTD at 10. It posits, based on the SAC, that the Court can infer that Facebook had already decided to breach the implied covenant (i.e. to provide no additional information) at the time it initially disabled Plaintiff's account. Opp. at 13-14. But even if that were true, it would not establish that Facebook's refusal to provide an explanation *caused* any loss of data. And the opposition acknowledges that receiving an additional explanation would *not* necessarily result in Facebook reinstating Plaintiff's account. MTD at 10; *see* Opp. at 16. Her loss of data is therefore

[1] The opposition mistakenly suggests that Facebook "concede[d]" that its arguments are improper "defenses" that cannot be considered on a 12(b)(6) motion. See Opp. at 16. As Facebook made clear, it is Rule 12(b)(1) that potentially requires a more limited analysis under Ninth Circuit law. MTD at 17.

even less causally connected to Facebook's alleged breach than the gambling losses suffered by the *Vu* plaintiffs were related to the casino's failure to prevent cheating. *See Vu v. Cal. Com. Club, Inc.*, 58 Cal. App. 4th 229, 233 (1997) (dismissing implied covenant claim because alleged damages were not "proximately caused by" the breach or the "reasonably certain" result of the breach).

**Foreseeability and Certainty**: The opposition does not dispute that contract damages must have been within the parties' contemplation at the time of contracting. *See* MTD at 11 (citing statutes). And, as Facebook explained, Plaintiff's damages theory fails because (1) the Terms explicitly bar liability for lost content, (2) the Terms make no guarantee that her content will be preserved, and (3) her content in question did not even exist. *Id.; see also Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 969-70 (2004) ("Contract damages, unlike damages in tort … do not permit recovery for unanticipated injury…. Parties may voluntarily assume the risk of liability for unusual losses, but to do so they must be told, at the time the contract is made, of any special harm likely to result from a breach"). The opposition fails to counter this point or offer any rationale for why special damages would be foreseeable. It also offers no basis on which to distinguish cases rejecting as impermissibly speculative similar efforts to value a photo according to the value of the thing represented in the photo. MTD at 11-12 (collecting cases). Simply stating that Plaintiff's theory "has nothing to do" with those cases is not a response. Opp. at 15.

**Peculiar Value**: Finally, Plaintiff's damages theory fails to meet the requirements to recover peculiar value under Cal. Civ. Code, § 3355. Although the opposition insists that she is not seeking recovery for "emotional value," her allegations establish only that her photos and proposed writing project are valuable for purely emotional reasons. *See* SAC ¶ 24 (describing her desire to "compil[e] these memoirs, comments, and observations into a summary format for the benefit of her children and grandchildren and friends"). Such a project is laudable, but it does not mean her Facebook account has "unique *economic* value" that may be recoverable as contract damages. The opposition claims that Plaintiff's situation tracks *McMahon v. Craig*, Opp. at 13-

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS SAC
CASE NO. 3:21-CV-04573

15, but *McMahon*, a tort case, actually held that peculiar value was *not* available. 176 Cal. App. 4th 1502, 1518 (2009) (emphasis added). And the portion of *McMahon* to which the opposition refers, a block quote from the Restatement Second of Torts, is of limited relevance to Plaintiff's claim for contract damages. *See supra* n.2. And none of the cases supporting that comment in the Restatement actually involves the peculiar value of photos or manuscripts, or even applies California law. *See* Restatement (Second) of Torts § 911 (1979).

The opposition insists that the notice of peculiar value required to recover such damages under Cal. Civ. Code, § 3355 can be inferred from Facebook's decision to terminate the account, which supposedly required "intimate knowledge" of the account contents. Opp. at 15. But knowledge that something on Plaintiff's account violated community standards is not notice that her account contained a curated selection of materials that she intended to use in a later writing project, or that she valued the content at over $100,000 based on the cost of the vacations represented in the photos. The opposition fails to fill that gap. Although it asserts that the notice requirements of § 3355 does not apply because Plaintiff alleged "willful[ness]," Opp. at 15, her *factual* allegations, stripped of characterizations, allege only that Facebook breached a supposed contractual obligation to offer more information. The opposition offers no support for the premise that simply breaching contract terms (implied terms at that) constitutes willfulness.[2] And the argument that Facebook acted willfully by not offering Plaintiff an appeal does not solve that problem, because nothing in the Terms of Service guaranteed such an appeal. *See supra* n.5. And even apart from § 3355, California contract law plainly limits recovery of unforeseeable damages, providing an independent basis for dismissal. *See* MTD at 11-12 & 13 n.4.

**2. <u>Specific Performance is unavailable</u>**

Facebook explained—and the opposition does not dispute—that the order requested in the

---

[2] Indeed, the concept of willfulness is generally irrelevant to a contract-based claim. The California Supreme Court has made clear that "the motive of the breaching party" does not impact "the scope of damages that the injured party may recover for the breach of the implied covenant," *Foley v. Interactive Data Corp*., 47 Cal. 3d 654, 699 (1988), and that "the law … does not distinguish between good and bad motives for breaching a contract," *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 516 (1994).

SAC, which would direct Facebook to provide account data and reinstate Plaintiff's account, exceeds the terms of any implied promise to "provide an explanation for the disabling of her account," Order at 24, and thus violates the rule that specific performance must be "'substantial[ly] similar … to the contractual terms'" underlying her claim. *See* MTD at 14-15 (quoting *Lewis*, 244 Cal. App. 4th at 126-27); *see also* Opp. at 16. The opposition suggestions that plaintiff should be allowed to pursue a narrower order compelling Facebook "to provide … reasons for its disabling decision and a chance for King to engage in appeal procedures which should have been provided by Facebook," Opp. at 16, but that narrower request still fails.

California law allows specific performance only when the underlying contractual terms "'make the precise act which is to be done clearly ascertainable.'" MTD at 15 (quoting Cal. Civ. Code, § 3390). That rule bars an order directing Facebook to "provide … reasons for its disabling decision," Opp. at 16, because neither the implied promise identified by this Court, nor the express Terms of Service make clear precisely *what* additional information Facebook must provide. MTD at 15-17. Indeed, this Court has already recognized that "the express terms … do not require Facebook to provide [*any*] information to a user beyond the fact" of account suspension or termination. Order at 14. And Facebook's "appeal" process cannot define what information is required to satisfy the implied promise because the appeal form (which is available on the Help Center page linked to the relevant section of the Terms) permits users to submit only their name, account email /phone number, and photo ID—it does not require or permit any information that would come from Facebook. Ex. B at 2, Ex. C at 2; *see also* Decl. of J. Heath at 2.[3]

Similarly, Plaintiff is not entitled to specific performance directing Facebook to provide

[3] Plaintiff repeatedly states that, by explaining the nature of the review process, Facebook is "admit[ting]" that Plaintiff should have received a review. *E.g.* Opp. at 10, 12. That is not the case. Facebook walked through the review process (as set out in the Help Center linked to the Terms) because it is relevant to the Court's understanding of what additional information the implied promise might require, but Facebook's motion was clear that "[t]he Terms of Service do not guarantee any review process at all." MTD at 16; *see also* MTD at 10 n.3 (similar). Plaintiff also asserts that Facebook is refusing to accept as true her allegation that she was not offered any review. Opp. at 8. To be clear, for the purpose of this motion, Facebook does not dispute that fact.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS SAC
CASE NO. 3:21-CV-04573

"appeal procedures" because, as noted, the terms she seeks to enforce do not grant users any right to force Facebook review its own decisions, much less with the specificity required by Cal. Civ. Code, § 3390. *See* MTD at 16-17. The Terms provide only that "if we take such action, we will let you know and explain *any* options you have to request a review." Ex. A at 5 (emphasis added). And they go on to offer a long list of circumstances in which notification and/or review will *not* be provided, including when:

> "doing so may expose us or others to legal liability; harm our community of users; compromise or interfere with the integrity or operation of any of our services, systems or Products; or where we are restricted due to technical limitations; or where we are prohibited from doing so for legal reasons."

Ex. A at 5-6. There is simply no appeal right that Plaintiff can specifically enforce. *C.f. Daniels*, 2021 WL 1222166, at *8 (holding held that near-identical language in YouTube's Terms of Service "is not an unqualified promise to notify" a user about content removal and "does not guarantee an appeals process.").

Although the opposition quotes the specific performance section of Facebook's argument in its entirety, it offers no substantive response to Facebook's points. *See* Opp. at 7-9; *see also* 16-17. It does not try to explain how the language of the Terms requires Facebook to provide "appeal procedures." Nor does it dispute the requirement of heightened specificity to support a specific performance order or identify any cases awarding specific performance based on an *implied* promise like the one asserted here. The opposition instead tries to sidestep the issue by asserting that this Court "already ruled" that Facebook must provide her with "reasons why her … [a]ccount was disabled" and offer her an "avenue for appeal," Opp. at 17; *see also* Opp. at 7-8 (characterizing Facebook's argument as a motion for reconsideration). But this is incorrect. This Court held that plaintiff had a "viable theory for breach of the implied covenant." Order at 14. It did not hold that she could necessarily allege damages or specific performance tied to that breach. And the implied covenant claim the Court analyzed and allowed to proceed was "based on Facebook's failure to provide an explanation," Order at 24, not any duty to provide Plaintiff with an "appeal."

Because the "precise" specific performance Plaintiff requests is not "clearly ascertainable" from the terms (express or implied) of the contract she is trying to enforce, she is not entitled to specific performance. *See* Cal. Civ. Code, § 3390.

**D. Alternately, This Court Lacks Jurisdiction**

Finally, Facebook's motion explained that this Court lacks jurisdiction over Plaintiff's claims because she failed to allege *any* cognizable damages based on Facebook's failure to provide an explanation, much less damages in excess of $75,000 as required under 28 U.S.C. § 1332(a)(1). MTD at 17-18. Facebook also explained that this Court cannot exercise supplemental jurisdiction over her state law claims because the SAC, the operative complaint, alleges no federal claim on which supplemental jurisdiction could be based. *Id.*

The opposition does not respond to the first part of that argument. As to the second, it states without citation that "[t]he FAC is still part of this case for purposes of considering the application of 28 USC 1376" so the Court can still exercise supplemental jurisdiction based on the federal claim previously asserted in the FAC. Opp. at 18. That is wrong. As Facebook explained (at 19) a court can exercise supplemental jurisdiction based on a dismissed federal claim *only when the complaint containing that federal claim is still the operative complaint.* That principle does not apply when an amended complaint "eliminates the original basis of federal jurisdiction," as it did here. Wright & Miller, 13D Fed. Prac. & Proc. Juris. § 3567 (3d ed.). That is because "an amended complaint super[s]edes the original complaint and renders it without legal effect." *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc); Wright & Miller, 6C Fed. Prac. and Proc. § 1476 & n.1 (3d ed.) (amended pleading "supersedes the pleading it modifies" such that "the original pleading no longer performs any function in the case"). Plaintiff does not cite any contrary case law.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 9 -

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS SAC
CASE NO. 3:21-CV-04573

## III. CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court dismiss the SAC with prejudice.

Dated: March 4, 2022

JACOB M. HEATH
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Jacob M. Heath*
JACOB M. HEATH
Attorneys for FACEBOOK, INC.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4135-6286-5973

- 10 -

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS SAC
CASE NO. 3:21-CV-04573